The Honorable Richard L. Carroll State Representative Post Office Box 5465 North Little Rock, Arkansas 72119-5465
Dear Representative Carroll:
I am writing in response to your request for an opinion regarding the responsibilities of the Department of Human Services State Institutional System Board ("the SIS Board"). The General Assembly has established the SIS Board by A.C.A. §§ 25-10-401 to 25-10-403 (Repl. 2002 Supp. 2009). I have paraphrased your questions as follows:
 1. Do the functions and duties of the SIS Board include the functions and duties set forth in A.C.A. § 20-47-109?
 2. If your answer to question one is "yes," does A.C.A. § 9-20-121(a) prohibit the Director of the Arkansas State Hospital from submitting the results of his/her investigation, as required under A.C.A. § 20-47-109(b)(2), to the SIS Board?
 3. If your answer to question two is "no," can the SIS Board lawfully delegate the functions and duties set forth in A.C.A. § 20-47-109 to the Arkansas State Hospital Governing Authority?
 4. If your answer to question three is "yes," what procedure must the SIS Board take for the delegation to be lawful? *Page 2 
RESPONSE
As for your first question, the general functions and duties of the SIS Board are set out in A.C.A. §§ 25-10-401 to 25-10-403 (Repl. 2002 Supp. 2009) and certain regulations of the Department of Human Services. The General Assembly appears to have required the SIS Board to review abuse reports pursuant to A.C.A. § 20-47-109 (Repl. 2001). In my opinion, the answer to both your second and third question is "no." The answer to your third question renders your fourth question moot.
DISCUSSION
Question 1: Do the functions and duties of the SIS Boardinclude the functions and duties set forthin A.C.A. § 20-47-109?
The general functions and duties of the SIS Board are set out in A.C.A. §§ 25-10-401 to 25-10-403 (Repl. 2002 Supp. 2009) and Department of Human Services regulations 1077.9.1 to 1077.9.5. A review of these general statutes and regulations does not indicate that the SIS Board has any duties pursuant to section 20-47-109.
Nevertheless, section 20-47-109 seems to clearly require the SIS Board to perform certain functions. Section 20-47-109 states:
 (a) Employees, agents, servants, or officers of the Arkansas State Hospital are prohibited from striking, beating, abusing, intimidating, assaulting, or in any manner physically chastising any patient in the Arkansas State Hospital.
 (b)(1) It shall be the duty of all employees, agents, servants, or officers of the Arkansas State Hospital, upon learning of a violation of subsection (a) of this section, to immediately notify, in writing, the Director of the Arkansas State Hospital.
 (2) Upon receiving a written report of a violation of this section, the director shall immediately investigate the incident and submit a report of the result of his or her findings to the . . . [SIS] Board at the next regular meeting thereof. *Page 3 
 (3) If the [SIS B]oard finds the report to be true and finds that a violation of this section has occurred, the person so violating this section shall be forthwith dismissed from employment at the Arkansas State Hospital and shall be forever ineligible for further employment by the institution.
 (4) If the [SIS B]oard should determine after reading the report that a violation of the state's criminal laws has occurred, it shall immediately submit the report to the prosecuting attorney.
A.C.A. 20-47-109 (Repl. 2001). A review of subsection 20-47-109(b) does suggest that the SIS Board is obliged to review abuse reports.[1]
I should note, however, that there may be an argument that the SIS Board is either not tasked with reviewing the abuse reports or may be divested of that task by the Director of the Department of Human Services. While I will not speculate about the potential success of this argument, it would make reference to at least two other statutes that purport to establish the balance of powers between the SIS Board and the Director of DHS. This alternative argument would claim that when a set of statutes govern the same subject matter, we must interpret those statutes together, as a whole. Mays v. Cole,374 Ark. 532, ___ S.W.3d ___ (Nov. 3, 2008) ("[S]tatutes relating to the same subject are said to be in pari materia and should be read in a harmonious manner, if possible."). The argument would likely be based on the relevant subsections of A.C.A. §§ 25-10-111(c) (as amended byAct 1333 of 1997) and 25-10-102.
Question 2: If your answer to question one is "yes," doesArk. Code Ann. § 9-20-121(a) prohibit the Director of the ArkansasState Hospital from submitting *Page 4 the results of his/her finding, as required under Ark.Code Ann. § 20-47-109(b)(2), to the SIS Board?
No, the Director the Arkansas State Hospital would not violate section 9-20-121(a) by complying with section 20-47-109(b). As noted above, the legislature has apparently required the SIS Board to review the abuse reports. That statute requires the Director of the State Hospital to provide the SIS Board with the abuse report. Given this relatively clear mandate, it would be absurd to think that the Director of the State Hospital would violate one statute by complying with his duties under another statute.
Subsection 9-20-121(a) establishes a general rule that any "materials . . . compiled or gathered by" DHS regarding a mistreated adult in the DHS's custody must "be confidential and shall not be released or otherwise made available. . . ." This appears to encompass the abuse report the Director of the State Hospital must submit to the SIS Board. But subsection 9-20-121(a) lists 11 exceptions to the general rule. Some of those exceptions permit the release of the otherwise confidential document:
 • For any audit or similar activity conducted with the administration of any plan or program by any governmental agency that is authorized by law to conduct the audit or activity (§ 9-2-121(a)(3));
 • To law enforcement agencies, a prosecuting attorney, or the Attorney General (§ 9-20-121(a)(4));
 • To any licensing or registering authority to the extent necessary to carry out its official responsibilities (§ 9-20-121(a)(5)(A));
 • To a grand jury or court upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury (§ 9-20-121(a)(7)).
Section 20-47-109(b)(2)'s mandate that the Director transmit the abuse reports to the SIS Board very likely falls into one of the exceptions to section 9-20-121's general rule. Specifically, the review procedure reasonably falls within the exception for "any audit or similar activity conducted with the administration of any . . . program by any governmental agency that isauthorized by law to conduct the . . . activity." A.C.A. § 9-20-121(a)(3) (Repl. 2008) (emphasis added). *Page 5 
Question 3: If your answer to question two is "no," can theSIS Board lawfully delegate the functions and duties set forth inArk. Code Ann. § 20-47-109 to the Arkansas State Hospital GoverningAuthority?
Assuming, as indicated above, that the SIS Board has been tasked with reviewing these abuse reports, the SIS Board cannot lawfully delegate that task to another entity that is not a sub-entity of the SIS Board. While there is no specific Arkansas appellate case on point, the general rule is that agencies cannot delegate discretionary functions. See generally 73 C.J.S.Public Administrative Law Procedure §§ 118-120. A duty is discretionary if it requires the agency to exercise its judgment.Id. The SIS Board's review function is discretionary because the SIS Board is required to exercise its judgment in determining whether the misconduct detailed in the abuse report may be criminal conduct. Therefore, the SIS Board cannot delegate that function.
Question 4: If your answer to question three is "yes,"what procedure must the SIS Board take for the delegation to belawful?
Given my response to question three, this question is moot.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The text of section 20-47-109 came into existence by an enactment of the General Assembly in 1971. The 1971 enactment referred to the State Hospital Board, not the SIS Board.Act 433 of 1971, Ch. 7, § 1(b). The SIS Board was not created until 1995. Because the text of section 20-47-109 came into existence in 1971, and the statute was never specifically amended, one might question how the statute could refer to the SIS Board. The answer to this anomaly appears to be found in the act that brought the SIS Board into existence. Act 1162 of 1995 required that all references in the Arkansas statutes to the State Hospital Board be deemed to refer to the SIS Board. Act 1162 of 1995, § 3. It appears that the Arkansas Code Revision Commission has replaced the reference to the State Hospital Board with a reference to the SIS Board pursuant to the terms of Act 1162.